United States District Court

Eastern District of California

Robert James Fairweather,

        Petitioner,                       No. Civ. S 02-1193 FCD PAN P

    vs.                              Findings and Recommendations

Edward S. Alameida, Jr.,

        Respondent.

-oOo-

    Petitioner is a state prisoner with appointed counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    Petitioner pleaded guilty to first degree murder of his wife and is serving a sentence of life without the possibility of parole. He claims his trial counsel had conflicts of interest causing him to fail to investigate a mental defense and other defenses, resulting in the deprivation of petitioner's rights to conflict-free counsel and constitutionally effective assistance of counsel during plea negotiations.

1    Respondent moved to dismiss the action as barred by the
2 statute of limitation.  The court denied the motion without
3 prejudice and appointed counsel.
4    The court herein addresses the timeliness of the petition,
5 based on consideration of petitioner's June 29, 2004, brief re
6 timeliness of petition and declaration, respondent's July 29,
7 2004, brief renewing motion to dismiss, and petitioner's August
8 18, 2004, reply brief in opposition to the renewed motion to
9 dismiss.
10   Petitioner concedes the "actual innocence" exception, which
11 would permit the court to consider his claims although untimely,
12 is not applicable.  Instead he claims he is entitled to statutory
13 and equitable tolling.
14   Petitions for habeas corpus challenging state convictions or
15 sentences are subject to a one-year limitation period.  28 U.S.C.
16 § 2244(d)(1).  The one-year period runs from the latest of (A)
17 the date the judgment became final by conclusion of direct review
18 or expiration of the time for seeking such review; (B) the date
19 an unconstitutional state-created impediment preventing the
20 petitioner from filing the application was removed; (C) the date
21 the constitutional right asserted was first recognized by the
22 United States Supreme Court (if it is a newly recognized right
23 retroactively applicable on collateral review); or (D) the date
24 the factual predicate of petitioner's claims could have been
25 discovered through the exercise of due diligence.  28 U.S.C. §
26 2244(d)(1).

1    The limitation period is tolled while a "properly filed
2 application" for post-conviction or other collateral review is
3 pending in state court.  28 U.S.C. § 2244(d)(2).
4    Petitioner pleaded guilty and was sentenced June 19, 1995.
5 He appealed; the judgment was affirmed (except as to imposition
6 of attorneys fees) September 11, 1997.  Petitioner did not seek
7 review in the California Supreme Court and his conviction was
8 final 40 days later, October 21, 1997.  Petitioner did not sign
9 his federal petition until more than four years later.
10   Petitioner contends the limitation period was tolled because
11 counsel's conflict of interest was concealed from him and he
12 could not with due diligence have discovered it until August 14,
13 2000, when he obtained documents from a private investigator that
14 corroborated the conflict. See Spitsyn v. Moore, 345 F.3d 796
15 (9th Cir. 2003) (equitable tolling applied where petitioner hired
16 post-conviction counsel who did nothing and failed to return
17 files to petitioner until well after the date the petition was
18 due).  Assuming arguendo that Spitsyn is the governing precedent
19 and petitioner was not on notice of counsel's conflict years
20 prior, the court nonetheless would find tolling only until May
21 31, 2000, when plaintiff obtained a December 19, 1995, memorandum
22 from his trial counsel to the trial judge identifying witnesses
23 that he had previously represented and contact with the victim in
24 a prior spousal abuse charge against petitioner.  Ex. 20
25   Petitioner argues that Hasan v. Galaza, 254 F.3d 1150 (9th
26 Cir. 2001) mandates tolling until August 14, 2000.  In Hasan, the

1 court held that a petitioner learns the basis for his claim <u>not</u>
2 on the date he begins to have suspicions, but on the date he
3 "discovered (or with the exercise of due diligence could have
4 discovered) facts" adequate to support the claim.  <u>Hasan</u>, 254
5 F.3d at 1154.  In that case the petitioner suspected a conflict
6 but knew nothing of its nature until investigation was complete.
7 Here, petitioner was informed May 31, 2000, of the asserted
8 conflict stemming from counsel's representation of prosecution
9 witnesses, and merely received <u>corroboration</u> from his
10 investigator ten weeks later.
11     The limitation period commenced May 31, 2000, and ran for 88
12 days until petitioner signed his first state habeas petition
13 August 27, 2000.  Giving petitioner the benefit of continuous
14 tolling for one full round of state habeas petitions, the
15 limitation period resumed running June 22, 2001, 30 days after
16 the California Supreme Court denied the petition May 23, 2001.
17 <u>See</u> <u>Carey v. Saffold</u>, 536 U.S. 214 (2002) (limitation period
18 tolled continuously during one full round of collateral review in
19 California); <u>Bunney v. Mitchell</u>, 262 F.3d 973 (9th Cir. 2001)
20 (tolling continues until 30 days after the California Supreme
21 Court denies habeas petition).  It expired 277 days later, March
22 26, 2002, and petitioner was 49 days late when he signed his
23 federal petition May 14, 2002.
24     Finally, petitioner argues the court should disregard <u>Bunney</u>
25 and instead rule that continuous tolling extended until August
26 21, 2001 (when the time to petition the United States Supreme

Court for certiorari expired, 90 days after the California Supreme Court denied habeas).  Petitioner relies on Abela v. Martin, 348 F.3d 164 (6th Cir. 2003), which held that tolling extends until certiorari review is foreclosed, whether the petitioner sought Supreme Court review of state habeas denial or, as here, did not.  The holding in Abela is open to doubt but even if this court were inclined to follow the decision it could not because the Ninth Circuit's controlling law is stated in Bunney.

Accordingly, the court hereby recommends respondent's July 29, 2004, renewed motion to dismiss be granted and this action be dismissed as time-barred.  28 U.S.C. § 2244(d).

Pursuant to the provisions of 28 U.S.C. § 636(b)(1), these findings and recommendations are submitted to the United States District Judge assigned to this case.  Within 20 days after being served with these findings and recommendations, petitioner may file written objections.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge may accept, reject, or modify these findings and recommendations in whole or in part.

Dated: July 12, 2005.

          /s/ Peter A. Nowinski
          PETER A. NOWINSKI
          Magistrate Judge