United States District Court

Eastern District of California

Robert James Fairweather,

       Petitioner,       No. Civ. S 02-1193 FCD PAN P

  vs.                      Amended Findings and
                                              Recommendations

Edward S. Alameida, Jr.,

       Respondent.

-oOo-

These amended findings and recommendations supplant the findings and recommendations issued July 12, 2005.

Petitioner is a state prisoner with appointed counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner pleaded guilty of first degree murder by lying in wait after he killed his wife during the wee hours of the morning.

Respondent moved to dismiss this proceeding upon the ground

it is barred by the statute of limitation.  This court denied the motion without prejudice and appointed counsel.

The court herein addresses the timeliness of the petition, based on consideration of petitioner's June 29, 2004, brief re timeliness of petition and declaration, respondent's July 29, 2004, brief renewing motion to dismiss, and petitioner's August 18, 2004, reply brief in opposition to the renewed motion to dismiss.

Petitioner concedes the "actual innocence" exception, which would permit the court to consider untimely claims is not applicable.  Instead he claims he is entitled to statutory and equitable tolling.

Petitions for habeas corpus challenging state convictions or sentences are subject to a one-year limitation period.  28 U.S.C. § 2244(d)(1).  The one-year period runs from the latest of (A) the date the judgment became final by conclusion of direct review or expiration of the time for seeking such review; (B) the date an unconstitutional state-created impediment preventing the petitioner from filing the application was removed; (C) the date the constitutional right asserted was first recognized by the United States Supreme Court (if it is a newly recognized right retroactively applicable on collateral review); or (D) the date the factual predicate of petitioner's claims could have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1).

The limitation period is tolled while a "properly filed

1 application" for post-conviction or other collateral review is
2 pending in state court.  28 U.S.C. § 2244(d)(2).
3     At petitioner's preliminary hearing Cory Trowbridge
4 testified that deputy public defender Steve Plesser previously
5 had represented Trowbridge.  At petitioner's arraignment
6 December 18, 2005, his counsel, deputy public defender Schutz,
7 stated:

> [T]here's a potential issue as to several witnesses that the People intend to call.  We represent them and are currently representing one by our calculation.  It would be my request this Wednesday, if this Court has time, to meet ex parte on the record, discuss with the Court exactly how we represented these people, when we represented them, what they are charged with, what their testimony is going to be and then have the Court determine if there's a conflict.

13 <u>Id.</u>
14     Petitioner pleaded guilty and was sentenced June 19, 1996.
15 He appealed; the conviction was affirmed September 11, 1997.
16 Petitioner did not seek review in the California Supreme Court
17 and his conviction was final 40 days later, October 21, 1997.
18 Petitioner did not sign his federal petition until more than four
19 years later.
20     Petitioner contends the limitation period was tolled because
21 of delay in obtaining his files from his trial counsel.  He
22 argues counsel's conflict of interest was concealed from him and
23 he could not with due diligence have discovered it until August
24 14, 2000, when he obtained a copy of a December 19, 1995,
25 memorandum from Schutz to the trial judge providing a detailed
26 list of prosecution witnesses previously represented by the

public defender's office.  See Petitioner's August 18, 2004, reply, Ex. 20.  Petitioner cites Spitsyn v. Moore, 345 F.3d 796 (9th Cir. 2003) (equitable tolling applied where petitioner hired post-conviction counsel who did nothing and failed to return files to petitioner until well after the date the petition was due).

Assuming arguendo that Spitsyn is the governing precedent and petitioner was not on notice of counsel's conflict years prior, the court nonetheless would find tolling only until late May or early June of 2000, when petitioner obtained the first portion of his files.  The verified petition repeatedly states petitioner received documents May 31, 2000, revealing facts giving rise to his habeas claims and learned the import of that information through a paralegal, Miller, on June 12, 2000.  See Petition paras. 84, 85, 124, 125, 209; see also Declaration of Paralegal Charles Miller (filed May 12, 2002) stating Miller told petitioner June 12, 2000, Steve Plesser was a public defender and thus trial counsel had a conflict during Trowbridge's preliminary hearing testimony.  Thus, petitioner had constructive knowledge of the conflict May 31, 2000, and actual knowledge June 12, 2000.  That he later obtained documents showing the full extent of the conflict is of no moment.  See Hasan v. Galaza, 254 F.3d 1150 (9th Cir. 2001) (petitioner learns the basis for his claim not on the date he begins to have suspicions, but on the date he "discovered (or with the exercise of due diligence could have discovered) facts" adequate to support the claim.  Hasan, 254

4

1  F.3d at 1154.

2     Commencing June 12, 2000, at the latest, the limitation period ran for 76 days until petitioner signed his first state habeas petition August 27, 2000.  Giving petitioner the benefit of continuous tolling for one full round of state habeas petitions, the limitation period resumed running June 22, 2001, 30 days after the California Supreme Court denied the petition May 23, 2001.  See Carey v. Saffold, 536 U.S. 214 (2002) (limitation period tolled continuously during one full round of collateral review in California); Bunney v. Mitchell, 262 F.3d 973 (9th Cir. 2001) (tolling continues until 30 days after the California Supreme Court denies habeas petition).  It expired 289 days later, April 7, 2002, and petitioner was 37 days late when he signed his federal petition May 14, 2002.

     Finally, petitioner argues the court should disregard Bunney and instead rule that continuous tolling extended until August 21, 2001, (when the time to petition the United States Supreme Court for certiorari expired, 90 days after the California Supreme Court denied habeas).  Petitioner relies on Abela v. Martin, 348 F.3d 164 (6th Cir. 2003), which held that tolling extends until certiorari review is foreclosed, whether the petitioner sought Supreme Court review of state habeas denial or, as here, did not.  The holding in Abela is open to doubt but even if this court were inclined to follow the decision it could not because the Ninth Circuit's controlling law is stated in Bunney.

     Accordingly, the court hereby recommends respondent's July

29, 2004, renewed motion to dismiss be granted and this action be dismissed as time-barred. 28 U.S.C. § 2244(d).

Pursuant to the provisions of 28 U.S.C. § 636(b)(1), these findings and recommendations are submitted to the United States District Judge assigned to this case. Within 11 days after being served with these findings and recommendations, either party may file written objections. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge may accept, reject, or modify these findings and recommendations in whole or in part.

Dated: August 25, 2005.

/s/ Peter A. Nowinski
PETER A. NOWINSKI
Magistrate Judge